'Defendant appeals from a judgment of the County Court of Orange County convicting him of the crime of rape in the second degree. Judgment reversed on the law, and a new trial ordered. It was error to refuse to charge, as requested by the defendant’s counsel, that the pregnancy of the complainant and the birth of the child were not corroboration of the charge against defendant. (People v. Whitson, 234 H. Y. 517; People v. Anthony, 293 H. Y. 649.) The court erred in charging that the testimony as to pregnancy could be considered with all the other testimony in determining whether there was sufficient corroboration. (People V. Taleisnik, 225 H. Y. 489, 493.) That instruction permitted the jury, in arriving at a determination as to the sufficiency of the corroboration, to take the testimony of the complainant in connection with the pregnancy. It was likewise error to refuse to charge, as requested, as to the birth of the child and the visit to the complainant by the defendant on March 6, 1948, and as to the testimony of his statements on that occasion, and as to the testimony as to the locket. Aside from the testimony of the complainant, there was no testimony as to any statement by defendant on March 6, 1948, tending to connect him with the crime. The gift of the locket and the manner in which it was given at Christmas in 1947 did not in any way tend to connect the defendant with the alleged crime on October 24, 1947. Hone of these incidents constituted legal corroboration. There was, however, no error in refusing to charge that none of the items could be considered as corroboration even in combination with each other and with all the evidence in the case. While pregnancy and the birth of a child standing alone could not be corroboration, there was, apart from the testimony of complainant, evidence from which the jury could say that the defendant admitted the pregnancy and the responsibility for it. The jury heard what was given forth by the machine attached to the telephone in the home of complainant. They could compare the sound of the voices, as defendant and complainant testified, with the recording. The jury could, in view of the admission, take the testimony of the doctor as to pregnancy and of the mother of complainant as to the date of birth, and determine whether such evidence tended to establish that thé act was committed by defendant on the date alleged. The evidence as to prior and subsequent intercourse was properly received. (People v. Thompson, 212 H. Y. 249.) It was not error to permit the jury to hear what was recorded on the instrument connected to the telephone wires. However, when the jury were permitted to hear the recording relay, as coming from complainant: “ So you can come out and kill me or something ”, in response to repeated inquiries by defendant as to where she was going, the defendant should have been permitted to state on redirect why he desired to know. Ho other ruling presents reversible error. Johnston, Acting P. J., Adel, Sneed, Wenzel and MacCrate, JJ., concur.